UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
LUIS BAYAS, on behalf of himself and all others similarly situated,

Plaintiff,

-against-

NOR-MARATHON SERVICE CENTER, INC. AND RATTAN SINGH,

Defendants.
-------------------------------------------------------X

**ORDER**
16 CV 356 (FB) (CLP)

**POLLAK**, United States Magistrate Judge:

On January 22, 2016, Luis Bayas ("plaintiff"), on behalf of himself and all others similarly situated, filed this action against Nor-Marathon Service Center, Inc. ("Nor-Marathon") and Rattan Singh ("Singh") (collectively, "defendants"), seeking unpaid overtime wages, liquidated damages, unpaid spread-of-hours wages, statutory penalties, and attorneys' fees and costs under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq., New York Labor Law ("NYLL") §§ 650 et seq., and the New York Wage Theft Prevention Act ("WTPA") § 191.

On February 3, 2017, the Court granted in part plaintiff's motion for conditional certification of his FLSA claims as a collective action. The period for putative plaintiffs to opt in to the collective action expired on April 5, 2017. On March 30, 2017, Alexander Estrada ("Estrada") filed a Consent form. On April 7, 2017, Juan Gomez ("Gomez") filed a Consent form.

Presently before the Court is defendants' request to strike the two opt-ins' Consent forms, as well as defendants' motion for sanctions against plaintiff's counsel for counsel's failure to

comply with this Court's Orders.

For the reasons stated herein, defendants' request to strike the opt-ins' Consent forms is denied, and defendants' motion for sanctions is granted.

## FACTUAL AND PROCEDURAL BACKGROUND

On February 3, 2017, the Court granted in part and denied in part plaintiff's motion for conditional certification of a collective action.[1] (See Order). Specifically, the Court granted plaintiff's motion to the extent that the Court conditionally certified an FLSA collective action and directed that Notice and Consent forms "shall only be sent to non-exempt employees who worked at either Nor-Marathon or Nor-Great Neck during the three (3) years preceding the filing of the Complaint," but not to any employees of other service stations owned by defendant Singh. (Id. at 31 (emphasis added)). The Court's Order was based on a finding that "[p]laintiff has not provided the Court with any information on which it could find that employees at defendant Singh's other service stations, if any, are subject to the same common pay policies or procedures." (Id. at 19). The Court did, however, direct defendants to produce to plaintiff the names, addresses, email addresses, and telephone numbers for all employees of Nor-Marathon, Nor-Great Neck, and other service stations owned by defendant Singh. (Id.)

On February 13, 2017, defendants filed a motion for reconsideration of the Court's Order

---

[1]The allegations in the Complaint are described in detail in the Court's Order on plaintiff's Motion to Conditionally Certify a Collective Action. (See Order filed on February 3, 2017 ("Order") at 2-5).

directing them to produce the names and contact information for individuals who worked at service stations owned by defendant Singh other than Nor-Marathon and Nor-Great Neck. On February 14, 2017, the Court denied defendants' motion and reiterated that in its decision on plaintiff's motion for conditional certification, "the Court Ordered that Notice and Consent forms be sent to all non-exempt employees who work or worked at Nor-Marathon and Nor-Great Neck between January 22, 2013 and January 22, 2016, but not to any other employees of those locations or any other service station owned by defendant Singh." (Reconsideration Order[2] at 1 (emphasis added)).

On February 17, 2017, plaintiff filed revised Notice and Consent forms, which were revised pursuant to the Court's February 3, 2017 Order. The Notice provided that Consent forms "must be either postmarked or received by the named plaintiff's attorney (or the Clerk of the Court) by April 5, 2017." (Notice[3] at 3). On February 21, 2017, the Court directed to send the Notice and Consent forms to the putative party plaintiffs.

On February 28, 2017, defendants filed a letter claiming that plaintiff's counsel had improperly contacted members of the putative class by telephone. (2/28/17 Defs.' Ltr.[4] at 1). According to defendants, these phone calls violated this Court's Orders, the ABA Model Rules

---

[2]Citations to "Reconsideration Order" refer to the Court's Order, filed on February 14, 2017.

[3]Citations to "Notice" refer to the Notice of Collective Action lawsuit, attached as Exhibit 1 to plaintiff's letter, filed on February 17, 2017.

[4]Citations to "2/28/17 Defs.' Ltr." refer to defendants' letter, filed on February 28, 2017.

of Professional Conduct, the New York Code of Professional Responsibility, and "the safeguards of 29 U.S.C. § 626(b)." (Id. at 2). Defendants requested that plaintiff provide defendants with a "full accounting of the time, date and substance of each call that has been placed to these individuals" and, if necessary, that the Court strike opt-in plaintiffs to the extent that they were persuaded to opt in to this case through plaintiff's counsel's alleged "improper conduct." (Id. at 1).

On March 1, 2017, defendants filed another letter alleging that plaintiff's counsel had sent "Notice and Opt-in forms to employees of other services stations ow[n]ed by individual Defendant Singh." (3/1/17 Defs.' Ltr.[5] at 1). According to defendants, sending the opt-in forms violated "the proper opt-in mechanisms of 29 U.S.C. § 626(b)" as well as this Court's Order granting in part and denying in part plaintiff's motion for conditional certification. (Id.) Defendants requested that plaintiff provide defendants with "a full accounting of the identities of all persons who were mailed Notice and Opt-in forms" and, if necessary, that the Court strike opt-ins to the extent they were persuaded to opt in to this case through plaintiff's counsel's alleged "improper conduct." (Id.)

On March 6, 2017, plaintiff filed a letter responding to defendants' submissions. (See 3/6/17 Pl.'s Ltr.[6]). As to defendants' claim that plaintiff's counsel had contacted members of the putative class by telephone, plaintiff's counsel acknowledged that he had attempted to contact

---

[5]Citations to "3/1/17 Defs.' Ltr." refer to defendants' letter, filed on March 1, 2017.

[6]Citations to "3/6/17 Pl.'s Ltr." refer to plaintiff's letter, filed on March 6, 2017.

putative class members by telephone "in an attempt to explain the proceedings to them and to inquire as to whether they wish to join this action." (Id. at 1). Plaintiff provided a list of individuals whom counsel or counsel's office attempted to contact and the dates of contact. (Id. at 1-2). Plaintiff contended that calling putative plaintiffs did not violate this Court's Order granting in part his motion for conditional certification, because "nothing in the Court'[s] Order limited communications to mailing only." (Id. at 2 (emphasis in original)). Plaintiff also noted that the Court's Order specifically required defendants to provide to him the phone numbers of the individuals who he contacted. (Id.) Plaintiff further contended that contacting these individuals by telephone did not run afoul of Rule 7.3 of the ABA Model Rules of Professional Conduct, which provides that "[a] lawyer shall not by . . . live telephone . . . solicit professional employment when a significant motive for the lawyer's doing so is the lawyer's pecuniary gain." (Id. at 3 (citing ABA Model Rules of Professional Conduct, Rule 7.3(a))). According to plaintiff, counsel's motive for placing these phone calls was not counsel's pecuniary gain, but rather to "adequately and zealously represent" plaintiff and to "benefit . . . the recipients of the calls." (Id.)

With respect to defendants' allegation that plaintiff's counsel had mailed Notice and Consent forms to employees of defendant Singh's service stations other than Nor-Marathon and Nor-Great Neck, plaintiff acknowledged that his counsel "mailed the Court approved notices to all employees of the five companies on the list provided" but contended that "there is nothing that prohibits [counsel] from contacting potential plaintiffs in this manner." (Id. at 4). Plaintiff claimed that mailing the forms did not run afoul of any rule of professional conduct. (Id.)

Moreover, plaintiff contended that his counsel would ordinarily be permitted to send a "general solicitation letter" to individuals who did not work at Nor-Marathon or Nor-Great Neck even in the absence of the Court's Order granting in part conditional certification, and that nothing in the Notice and Consent forms "can be considered untruthful or misleading." (Id. at 4). Finally, plaintiff stated that "it is not and has never been [his counsel's] intention to violate any provision of the U.S. Code or Model Rules and [counsel] verily believe[s] that all of [his] actions were in complete compliance with the same." (Id.) Nevertheless, plaintiff indicated that "all further attempts at contact with potential plaintiffs ceased and the undersigned will of course comply with any directives of this Court going forward." (Id.)

On March 7, 2017, defendants responded to plaintiff's submission. (See 3/7/17 Defs.' Ltr.[7]). Defendants argued that, "given the detail in the Court's 31-page Order granting conditional certification . . . it simply makes no sense that Plaintiff could have believed that it authorized him to send Notice/Opt-in forms to people specifically not authorized by the decision." (Id. at 1). Additionally, contending that plaintiff's counsel's conduct was "deliberate," defendants attached an email that defendants' counsel sent to plaintiff's counsel in which defendants' counsel stated that: "I just want to note that as per the court order, you are only permitted to mail the notice/consent forms to the non-exempt employees of Nor-Marathon and Nor-Great Neck." (Id., Ex. A). According to defendants, plaintiff's counsel "ignored [the] email and purposefully violated the Order by sending the Notice/Opt-in form to everyone." (Id.

[7]Citations to "3/7/17 Defs.' Ltr." refer to defendants' letter, filed on March 7, 2017.

at 1). Defendants contended that "[s]evere sanctions are necessary to protect the integrity of the process." (Id. at 2).

On March 17, 2017, given that the Court's prior Orders made it abundantly clear that Notice and Consent forms "shall only be sent to non-exempt employees who worked at either Nor-Marathon or Nor-Great Neck during the three (3) years preceding the filing of the Complaint," but not to any employees of other service stations owned by defendant Singh (Order at 31), the Court Ordered plaintiff's counsel to show cause why the Court should not find that he violated the Court's Orders by sending opt-in forms to all of the employees at all of defendant Singh's service stations when the Court's Order of February 3, 2017 made it abundantly clear that plaintiff's request to send the forms to stations other than Nor-Marathon and Nor-Great Neck was denied, and why sanctions should not be imposed.

On March 24, 2017, an Order to Show Cause Hearing was held before the undersigned at which plaintiff's counsel apologized for disobeying the Court's Orders by sending Notice and Consent forms to individuals employed at service stations other than Nor-Marathon and Nor-Great Neck. However, counsel argued that plaintiff should not be sanctioned for his failure to comply with the Court's Orders because he did not intend to violate the Order, but rather was careless in failing to properly read the Court's Orders. Given that as of the date of the hearing no individuals had opted into the case, the Court reserved decision on what sanctions, if any, were appropriate, pending the April 5, 2017 deadline to file opt-in forms.

On March 27, 2017, defendants filed a letter arguing that, to the extent plaintiff sought leniency on defendants' motion for sanctions because counsel was "careless," the Court had

issued two Orders limiting the scope of the Notice, with which plaintiff had failed to comply. (3/27/17 Defs.' Ltr.[8] at 1). Accordingly, defendants requested that plaintiff's counsel be Ordered to reimburse defendants' for all attorneys' fees incurred in connection with investigating, notifying the Court, and moving for sanctions based on plaintiff's counsel's failure to comply with Court Orders. (Id. at 2). Additionally, defendants requested that, if Consent forms were filed, the Court should hold a hearing to determine whether the joinder of these individuals was "the product of improper conduct and coercion." (Id.)

On March 30, 2017, Alexander Estrada ("Estrada") filed a Consent form. On April 5, 2017, the deadline for putative plaintiffs to opt in to the collective action expired. On April 7, 2017, Juan Gomez ("Gomez") filed a Consent form.

On April 10, 2017, defendants filed a letter acknowledging that, as a former non-exempt employee of Nor-Great Neck, Estrada properly received Notice and Consent forms. Counsel nonetheless asked the Court to decline to permit Estrada from joining the lawsuit "pending an inquiry as to whether his solicitation was the result of improper conduct and coercion." (4/10/17 Defs.' Ltr.[9] at 1). Defendants further objected to permitting Gomez to join the suit "because he missed the court-ordered deadline" of April 5, 2017 to file his opt-in form, as well as because "it remains an issue as to whether his solicitation was the result of improper solicitation and coercion." (Id.) Finally, defendants reiterated their request for attorneys' fees incurred because,

---

[8]Citations to "3/27/17 Defs.' Ltr." refer to defendants' letter, filed on March 27, 2017.

[9]Citations to "4/10/17 Defs.' Ltr." refer to defendants' letter, filed on April 10, 2017.

even though no individuals who were improperly sent Notice and Consent forms opted into the case, plaintiff's counsel violated two Court Orders. (Id. at 1-2).

On April 10, 2017, plaintiff replied to defendants' letter. (See 4/10/17 Pl.'s Ltr.[10]). With respect to Estrada, plaintiff claimed that counsel did not contact Estrada by phone or otherwise improperly contact him. (Id. at 1). As to Gomez, plaintiff acknowledged that Gomez's opt-in form was untimely filed but noted that defendants were previously aware of Gomez's intention to join this lawsuit, since Gomez filed an affidavit in support of plaintiff's motion for conditional certification which indicated his intention to opt in to this case. (Id. at 2). Finally, because "not a single person who may have improperly received a notice returned a Consent Form to this office," plaintiff claimed that "there is 'no harm, no foul' done here;" accordingly, plaintiff contends that no further sanction, including attorneys' fees incurred, are appropriate. (Id.)

## DISCUSSION

### I. Defendants' Motion to Strike Estrada's and Gomez's Consents

#### A. Alleged Improper Solicitation

Defendants seek an Order denying the joinder of Estrada and Gomez as opt-ins in this lawsuit "pending an inquiry as to whether [their] solicitation was the result of improper conduct and coercion." (4/10/17 Defs.' Ltr. at 1).

As to Estrada, defendants concede that Estrada properly received notice of this lawsuit

---

[10]Citations to "4/10/17 Pl.'s Ltr." refer to plaintiff's letter, filed on April 10, 2017.

pursuant to this Court's Order granting conditional certification because he is a former non-exempt employee of Nor-Great Neck. (Id.) However, they contend that because plaintiff's counsel contacted certain individuals by telephone and the Court's Order granting conditional certification only authorized the mailing of notice and consent forms, the Court should not permit Estrada to join this case pending an inquiry into whether he was improperly contacted or coerced into joining this case. (Id.; 2/28/17 Defs.' Ltr. at 1-3).

Plaintiff responds by claiming that Estrada was not contacted by telephone; accordingly, plaintiff contends that "[t]here is simply nothing improper about Mr. Estrada's consent." (4/10/17 Pl.'s Ltr. at 1). Plaintiff notes that, in producing the names and contact information of employees at defendants' service stations, defendants did not provide plaintiff with Estrada's telephone number, so that counsel was unable to contact him by telephone. (Id. at 1, 3).

As to Gomez, defendants also concede that Gomez properly received the Court-approved Notice and Consent forms but nevertheless claim that "it remains an issue as to whether his solicitation was the result of improper conduct and coercion." (4/10/17 Defs.' Ltr. at 1). Plaintiffs responds by noting that Gomez filed an affidavit in support of plaintiff's motion for conditional certification indicating that even prior to this Court's Order granting conditional collective certification, Gomez sought to opt in to the lawsuit. (4/10/17 Pl.'s Ltr. at 2). Thus, plaintiff argues that defendants' claim that Gomez may have been influenced by "improper conduct and coercion" is "unfortunate and simply unfounded." (4/10/17 Pl.'s Ltr. at 2).

Given that plaintiff Bayas was not provided with Estrada's telephone number and plaintiff's counsel has represented to the Court that he did not contact Estrada by telephone, the

Court accepts counsel's representation that he did not contact Estrada by telephone. As to Gomez, in September 2016, more than four months prior to this Court's Order, Gomez clearly indicated his desire to join the suit. (See Gomez Aff.[11] ¶ 6 (explaining that "[i]t is my intention to join Mr. Bayas' lawsuit. . . .")). Indeed, there is no question that Gomez gave notice of his desire to participate as an opt-in long before the distribution of Notice and Consent forms and before any of the alleged improper contact with putative class members that defendants claim occurred. Accordingly, there is no reason to hold a hearing or otherwise delay the proceedings by inquiring as to the circumstances underlying Estrada's or Gomez's decisions to join this lawsuit.

Moreover, even if Estrada or Gomez were contacted by telephone or otherwise improperly contacted by plaintiff's counsel, the Court would still not find that striking their Consent forms would be warranted. If plaintiff's counsel acted improperly in attempting to contact Estrada or Gomez other than by mailing Court-approved Notice and Consent forms, the proper remedy would not be to penalize Estrada or Gomez by precluding them from joining this case, particularly given that neither was represented by plaintiff's counsel at the time any such improper solicitation occurred. Defendants argue that "nowhere in either Order did this Court authorize Plaintiff or his counsel to telephonically communicate with potential class members; rather, the Orders limited communications to mailing only." (2/28/17 Defs.' Ltr. at 2 (emphasis

---

[11]Citations to "Gomez Aff." refer to the Affidavit of Juan Gomez, attached to the Declaration in Reply to Defendants' Opposition to Motion for Conditional Class Certification, filed on September 29, 2016.

in original)). However, defendants mischaracterize this Court's prior Orders. While the Court expressly authorized mailing Notice and Consent forms to certain individuals, nowhere in those Orders did the Court prohibit plaintiff Bayas from contacting those individuals by telephone or provide that the only method of communication was to be by mail. Thus, Bayas did not violate any prior Order by contacting non-exempt employees of Nor-Marathon or Nor-Great Neck by telephone. Indeed, as was done in this case, courts often require the disclosure of telephone numbers in connection with motions to conditionally certify a collective action, given that counsel often needs to contact putative party plaintiffs to ensure that they actually received mailed copies of notice and consent forms.

Accordingly, the Court denies defendants' request to prevent either Estrada or Gomez from joining this lawsuit and finds that no further hearing or inquiry into whether they were improperly contacted before filing their opt-in forms is required.

B. Gomez's Untimely Consent Form

Defendants claim that, because Gomez filed his opt-in form on April 7, 2017, two (2) days after the deadline provided in the Notice form expired, the Court should strike his Consent form from the case. (4/20/17 Defs.' Ltr. at 1).

In determining whether to strike opt-ins from an FLSA collective action because the consent forms were untimely filed, courts consider the following factors: "(1) whether good cause exists for the late submissions; (2) prejudice to the defendant; (3) how long after the deadline passed the consent forms were filed; (4) judicial economy; and (5) the remedial

purposes of the FLSA." Velasquez v. Digital Page, Inc., No. 11 CV 3892, 2014 WL 6751574, at *1 (E.D.N.Y. Dec. 1, 2014) (citing Ruggles v. Wellpoint, Inc., 687 F. Supp. 2d 30, 37 (N.D.N.Y. 2009)); see also Morangelli v. Chemed Corp., 275 F.R.D. 99, 121 (E.D.N.Y. 2011).

Here, plaintiff's submission does not provide any good cause for Gomez's failure to file his opt-in form by the April 5, 2017 deadline. (See 4/20/17 Pl.'s Ltr. at 1-2). Rather, plaintiff explains that after failing to provide the opt-in form to plaintiff's counsel or the Clerk of Court by April 5, 2017, plaintiff's counsel contacted him but was unable to meet with Gomez to sign the form until April 7, 2017, at which point Gomez signed his Consent form and it was promptly filed. (Id. at 2). Accordingly, plaintiff has not established good cause for failing to timely file the opt-in form.

Nevertheless, the Court finds that the remaining factors weigh heavily in favor of permitting Gomez to join the instant lawsuit. First, defendants would not be prejudiced if Gomez were permitted to join this case, given that discovery is still open; no summary judgment motion has been filed; and no trial date has been set. See Zhang v. Wen Mei, Inc., No. 14 CV 1647, 2016 WL 7391997, at *11 (E.D.N.Y. Dec. 21, 2016) (finding that the defendants in an FLSA collective action would not be prejudiced by an opt-in plaintiff being permitted to join the suit after the deadline to file consent forms expired given that the defendants "will be permitted to take discovery relating to his claims" and that "a trial date has not been set and the parties have not moved for summary judgment"). This is particularly so given that defendants have been on notice of Gomez's intention to join this lawsuit since Gomez filed an affidavit months ago in support of plaintiff Bayas's motion for conditional certification indicating his intent to join the

suit. (See supra at 11).

Moreover, Gomez's consent form was filed just two (2) days after the deadline expired; courts have permitted individuals to opt in to collective actions despite consent forms being filed much later than two days after the expiration of the time to do so. See, e.g., Zhang v. Wen Mei, Inc., 2016 WL 7391997, at *11 (granting permission to file a consent form seven (7) months after the deadline to file expired). Indeed, where opt-ins filed consent forms the day after the deadline to do so expired, one court described such a delay as "so de minimis that striking them from the lawsuit would be inappropriate." Saleem v. Corporate Transp. Grp., Ltd., No. 12 CV 8450, 2013 WL 6331874, at *3 (S.D.N.Y. Dec. 5, 2013) (citing Benavidez v. Piramides Mayas Inc., No. 09 CV 5076, 2013 WL 1627947, at *3 (S.D.N.Y. Apr. 16, 2013)).

Additionally, "[i]n light of the fact that [Gomez] could go off and commence his own lawsuit, judicial economy also favors joinder in this litigation." Velasquez v. Digital Page, Inc., 2014 WL 6751574, at *2. Finally, the remedial purposes of the FLSA are "to prevent abuses by unscrupulous employers, and remedy the disparate bargaining power between employers and employees." Zhang v. Wen Mei, Inc., 2016 WL 7391997, at *11 (citing Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199, 2017 (2d Cir. 2015), cert. denied, 136 S. Ct. 824 (2016)); see also Velasquez v. Digital Page, Inc., 2014 WL 6751574, at *2 (citing Kelley v. Alamo, 964 F.2d 747, 750 (8th Cir. 1992)) (finding that, with respect to the FLSA, "[a] generous reading, in favor of those whom [C]ongress intended to benefit from the law, is also appropriate when considering issues of time limits and deadlines). Thus, permitting Gomez to join this lawsuit despite filing his consent form two days late would further the remedial purposes of the FLSA.

Accordingly, the Court finds that the aforementioned factors weigh in favor of permitting Gomez to join this lawsuit, notwithstanding his failure to timely file a consent form.

II. Sanctions

Defendants ask that the Court sanction plaintiff's counsel by Ordering him to reimburse them for all attorneys' fees incurred in investigating plaintiff's counsel's improper contact with putative class members in violation of this Court's Orders and in bringing their motion for sanctions. (3/27/17 Defs.' Ltr. at 2; 4/10/17 Defs.' Ltr. at 1-2).

The Court has the inherent power to sanction litigants' improper conduct, stemming from "the very nature of courts and their need to be able 'to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" Bowens v. Atlantic Maintenance Corp., 546 F. Supp. 2d 55, 73 (E.D.N.Y. 2008) (quoting Revson v. Cinque & Cinque, P.C., 221 F.3d 71, 78 (2d Cir. 2000)). Sanctions may imposed on a party to the case or counsel "for bad-faith conduct or for disobeying the court's orders," so long as the party or attorney receives a hearing. Id. (quoting Mickle v. Morin, 297 F.3d 114, 125 (2d Cir. 2002)). An award of sanctions based on the Court's inherent power must be based on "clear evidence" and be accompanied by "a high degree of specificity in the factual findings." Id. (quoting Mickle v. Morin, 297 F.3d at 125-26).

During the Show Cause hearing held before this Court on the issue of sanctions and in written submissions to the Court, plaintiff's counsel has admitted that he "mailed the Court approved notices to all employees of the five companies" on the lists of contact information produced by defendants, encompassing not just non-exempt employees of Nor-Marathon and

Nor-Great Neck but also employees of other service stations owned by defendant Singh. (3/6/17 Pl.'s Ltr. at 3). At the Show Cause hearing and in his subsequent submission, plaintiff's counsel conceded that he had violated this Court's prior Orders, which expressly provided that Notice and Consent forms were only to be sent to non-exempt employees of Nor-Marathon and Nor-Great Neck. (4/10/17 Pl.'s Ltr. at 2; see also Order at 19, 31; Reconsideration Order at 1). However, plaintiff's counsel contended at the Show Cause hearing that sanctions are not warranted because he did not intend to disregard the Court's Orders, and he further argues that his conduct, "although careless, was not sanctionable." (4/10/17 Pl.'s Ltr. at 2). He also notes that there is "no harm, no foul" caused by his improper conduct, since "not a single person who may have improperly received a notice returned a Consent Form." (Id.) Defendants respond that even though no individuals who improperly received Notice and Consent forms opted into this case, that fact "does not mitigate against Plaintiff's actions in violation of the two Court Orders." (4/10/17 Defs.' Ltr. at 1).

Having provided plaintiff's counsel with an adequate hearing in this case, the Court finds that sanctions are warranted and makes the following factual findings:

1) On August 18, 2011, plaintiff Bayas filed a motion seeking conditional certification of a collective action comprised of "all employees of the defendants," which included defendant Nor-Marathon as well as all service stations owned by defendant Singh. (Prop. Order[12] ¶¶ 2, 4).

2) On February 3, 2017, the Court granted in part plaintiff's motion for conditional

[12]Citations to "Prop. Order" refer to the Proposed Order Conditionally Certifying Collective Action, filed on August 11, 2016.

certification, conditionally certifying a collective action and authorizing Notice and Consent forms to be provided "only to non-exempt employees who worked at either Nor-Marathon or Nor-Great Neck during the three (3) years prior to the filing of the Complaint." (Order at 19, 31 (emphasis added)).

3) In the Order granting conditional certification, the Court directed defendants to produce to plaintiff "the names, addresses, email addresses, and telephone numbers for all employees of Nor-Marathon, Nor-Great Neck, and other service stations owned by defendant Singh." (Id. at 19).

4) On February 14, 2017, the Court denied defendants' motion for reconsideration of its Order requiring defendants to produce contact information for employees who did not work at Nor-Marathon or Nor-Great Neck and once again stated that Notice and Consent forms were permitted to be sent "to all non-exempt employees who work or worked at Nor-Marathon and Nor-Great Neck between January 22, 2013 and January 22, 2016, but not to any other employees of those locations or any other service station owned by defendant Singh." (Reconsideration Order at 1 (emphasis added) (citing Order at 16-21)).

5) On February 17, 2017, defendants' counsel sent plaintiff's counsel the list of contact information as Ordered by the Court and specifically reminded plaintiff's counsel in an email that "as per the court order, you are only permitted to mail the notice/consent forms to the non-exempt employees of Nor-Marathon and Nor-Great Neck." (3/7/17 Defs.' Ltr., Ex. A).

6) On March 1, 2017, defendants filed a letter alleging that plaintiff Bayas had mailed Notice and Consent forms to at least two individuals who were not employed at Nor-Marathon or

Nor-Great Neck, but rather were employed at other service stations owned by defendant Singh, in violation of the Court's Orders. (3/1/17 Defs.' Ltr. at 1-2).

7) On March 6, 2017, Bayas filed a letter conceding that counsel "mailed the Court approved notice to all employees of the five companies on the list provided," encompassing not only non-exempt employees of Nor-Marathon and Nor-Great Neck but also other service stations owned by defendant Singh. (3/6/17 Pl.'s Ltr. at 3).

8) On March 17, 2017, the Court Ordered plaintiff's counsel to show cause why "the Court should not find that counsel violated the Court's Orders by sending opt-in forms to all of the employees at all of defendant Singh's service stations when the Court's Order of February 3, 2017 makes it abundantly clear that plaintiff's request to send the forms to stations other than Nor-Marathon and Nor-Great Neck was denied, and why sanctions should not be imposed." (Show Cause Order at 7).

9) On March 23, 2017, a Show Cause hearing was held before the undersigned at which plaintiff's counsel acknowledged he had violated the Court's Orders but requested that sanctions not be imposed because he did not intend to violate any Order, but rather was careless in not carefully reading either of the Court's Orders.

10) On April 10, 2017, plaintiff's counsel reiterated his position that, while "careless," his behavior should not be sanctioned, particularly given that the conduct "resulted in no harm whatsoever to the defendants." (4/10/17 Pl.'s Ltr. at 2).

In light of the foregoing, the Court finds that plaintiff's counsel has conceded that he violated two Court Orders that expressly authorized the Court-approved Notice and Consent

forms to be sent only to non-exempt employees of Nor-Marathon and Nor-Great Neck. While plaintiff's counsel claims he was "careless" in failing to read these Orders, plaintiff's counsel also disregarded a reminder from opposing counsel of these directives by mailing the Court-approved forms to individuals who were employed at service stations other than Nor-Marathon and Nor-Great Neck. Whether or not plaintiff's counsel was merely "careless" or recklessly failed to read the Court's prior Orders, counsel violated two Court Orders which expressly provided that the Court-approved Notice and Consent forms were only to be sent to non-exempt employees of Nor-Marathon and Nor-Great Neck.

As a result of counsel's conduct, defendants' counsel was forced to spend time investigating the extent of plaintiff's counsel's violations and bringing the matter to the Court's attention. Defendants thus incurred attorneys' fees they would not have had to incur had plaintiff's counsel complied with this Court's Orders. Accordingly, the Court finds that sanctions are warranted and Orders plaintiff's counsel to pay defendants' attorneys' fees incurred in investigating plaintiff's counsel's conduct in mailing Notice and Consent forms to individuals he was not authorized to send them to, in raising the issue with the Court, and in pursuing their motion for sanctions.[13]

[13]Since the Court finds that defendants are entitled to attorneys' fees, the Court sees no need to address whether plaintiff's counsel violated any rule of professional conduct.

CONCLUSION

In light of the foregoing, defendants' motion to strike opt-ins Estrada's and Gomez's Consent forms is denied, as is defendants' request for a hearing regarding the circumstances that led Estrada and Gomez to opt in to this lawsuit. To the extent that defendants argue that Gomez's consent should be denied as untimely filed, the Court denies that request as well. However, defendants' motion for sanctions in the form of attorneys' fees is granted. Plaintiff's counsel is Ordered to reimburse defendants for attorneys' fees incurred in investigating plaintiff's counsel's mailing of Notice and Consent forms to individuals not employed by Nor-Marathon or Nor-Great Neck, bringing the matter to the Court's attention, and moving for sanctions. The parties are directed to meet and confer by May 19, 2017; if they cannot agree on a proper amount of compensation, defendants' counsel is directed to file a motion for attorneys' fees, including the proposed hourly rate and billing statements for work performed, by June 2, 2017. Plaintiff may respond by June 16, 2017. Defendants' reply, if any, is to be filed by June 23, 2017.

The Clerk is directed to send copies of this Order to the parties either electronically through the Electronic Case Filing (ECF) system or by mail.

**SO ORDERED.**

Dated: Brooklyn, New York
April 19, 2017

/s/ Cheryl L. Pollak

Cheryl L. Pollak
United States Magistrate Judge
Eastern District of New York