UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
LUIS BAYAS,                                    Docket No. 16-CV-356 (FB) (CLP)

                     Plaintiff,

          -against-

NOR-MARATHON SERVICE CENTER, INC.
and RATTAN SINGH,

                     Defendants.
-----------------------------------------------------------X


## DEFENDANTS' OBJECTIONS TO
## MAGISTRATE POLLAK'S REPORT AND RECOMMENDATION


THE LAW FIRM OF ADAM C. WEISS, PLLC
3 School Street, Suite 303
Glen Cove, New York 11542
(516) 277-02323 (tel)
(516) 759-2556 (fax)
*Attorneys for Defendants*


*Of Counsel:*
Adam C. Weiss, Esq.

## PRELIMINARY STATEMENT

Defendants, Nor-Marathon Service Center, Inc. ("Nor-Marathon") and Rattan Singh ("Singh") (collectively "Defendants"), respectfully file the following objections to Magistrate Judge Cheryl L. Pollak's Report and Recommendation dated July 28, 2017.

This matter was commenced by Plaintiff Luis Bayas on January 22, 2017.  <u>See</u> Complaint, at Docket Entry #1.  Bayas, a former employee of Nor-Marathon, brought this action seeking overtime wages and other damages under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NY LL"). Through this action, Plaintiff also sought to "vindicate the rights" of other similarly situated employees who worked, like him, as service technicians for Nor-Marathon and other service stations owned by Singh.

Plaintiff filed a motion for conditional certification on his FLSA claims as a collective action, which was granted in part and denied in part.  More specifically, Plaintiff sought to send opt-in notices to all employees of any service stations owned by Singh.  However, the Court limited the certification to only employees who worked in non-exempt positions who worked at only two of Singh's service stations, Nor-Marathon and Nor-Great Neck.  <u>See</u> Order, at Docket Entry 24.  As part of the discovery mandate of the Court's order granting conditional certification, Defendants were required to produce the names and addresses of all employees of every service station owned by Singh, however, Plaintiff was only authorized to send opt-in notices to non-exempt employees of Nor-Marathon and Nor-Great Neck.  <u>Id.</u>

In contravention to the Court's Order, Plaintiff sent opt-in notices to each and every employee of every service station owned by Singh and did not limit his mailings to non-exempt employees of Nor-Marathon and Nor-Great Neck.  Due to this blatant improper conduct, Defendants moved for sanctions against Plaintiff and to exclude any potential opt-in that came

from the unauthorized mailings.  See Letters, at Docket Entries # 29-30, 32, 36.  During the pendency of Defendants' motion for sanctions, only two individuals returned opt-in forms, Alexander Estrada and Juan Gomez.

In ruling on Defendants' motion for sanctions, the Court found that Plaintiff indeed had violated the Court's Order and sanctioned Plaintiff in the form of having to pay all of Defendants' attorneys' fees incurred in the application for sanctions.  See Order, at Docket Entry # 41.  Nonetheless, the Court permitted Estrada and Gomez to join the lawsuit because Plaintiff apologized for his conduct and, more importantly, Estrada and Gomez, worked for Nor-Marathon and Nor-Great Neck, and not any other service station owned by Singh.  The opt-in period expired April 5, 2017 and by that date no new opt-ins sought to join the lawsuit other than Estrada and Gomez and the parties proceeded to conduct discovery.

Then, on July 24, 2017, Plaintiff wrote to the Court that a third opt-in had appeared and wanted to join the lawsuit, Roberto M. Espiritu Huerta.  See Letter, at Docket Entry # 43.  Plaintiff sought permission to add Huerta despite the expiration of the opt-in deadline due to the fact that Huerta had apparently been living out of state and only had received an opt-in notice mailed to his New York address when he returned in July 2017.  Defendants objected to the Court permitting Huerta to join for two reasons.  See Letters, at Docket Entries # 44, 46.  First, the opt-in deadline had expired on April 5, 2017 and therefore allowing Huerta to join more than three months after the deadline was prejudicial to Defendants and rendered the deadline meaningless.  Second, and most importantly, Huerta only worked in the relevant period for Nor-Parsons Service Station and not Nor-Marathon or Nor-Great Neck.  Therefore, consistent with the Court's conditional certification and subsequent Order sanctioning Plaintiff, Huerta should not have even have been sent an opt-in notice.  Therefore, allowing Huerta to join would

essentially allow Plaintiff to benefit from the wrong they had committed (and been sanctioned for) at Defendants' substantial prejudice.

Nonetheless, on July 28, 2017, the Magistrate issued a Report and Recommendation (the "Report") that Plaintiff's motion to allow Huerta to join the lawsuit be granted. See Report, at Docket Entry # 47.  Defendants object to the Magistrate's conclusion as set forth below.[1]

## ARGUMENT

Standard of Review

Pursuant to Rule 72(a) of the Federal Rules of Civil Procedure, "[w]hen a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision." Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A). Parties may file objections within fourteen days of being served with a copy of the order. Fed. R. Civ. P. 72(a). "A party may not assign as error a defect in the order not timely objected to." Id. The district judge must consider any timely objections "and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Id.

In reviewing a report and recommendation, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). The district court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1).

---

[1] Defendants do not object to the portions of the Report that stated that Huerta improperly received the Notice and Consent forms through conduct for which plaintiffs' counsel has already been sanctioned and that recommended that Opt-in Plaintiff Gomez be permitted to withdraw from the lawsuit.

<u>Magistrate Pollak's Report Should Be Modified and/or Set Aside</u>

Magistrate Pollak's recommendation that Huerta be permitted to join this lawsuit should be set aside and modified so that Huerta should not be allowed to opt-in.  The Report correctly points out that at the time plaintiffs' counsel sent the opt-in forms to Huerta, counsel was only aware that Defendants employed Huerta as an employee of Nor-Parsons Service Center whom plaintiffs' counsel could contact for discovery purposes, but not to whom counsel could send Notice and Consent forms.  As such, the Court found that Huerta improperly received the Notice and Consent forms through conduct for which plaintiffs' counsel had been sanctioned. Therefore, by allowing Huerta to join is analogous to permitting Plaintiff to benefit from "fruit from a poisonous tree."  In other words, Huerta would have never been sent a letter (and hence would not have tried to join this lawsuit) if not for Plaintiff's improper conduct.  Therefore, Huerta should not be permitted to join.

The legal rationale set forth in the Report is also seriously flawed.  First, the Court found that the fact that Huerta was improperly solicited should not preclude him from joining this case because "[n]o provision of the FLSA itself prescribes or even authorizes conditional certification. Rather, the courts developed the notion, reasoning that conditional certification procedures provide an efficient means of administering the FLSA's opt-in joinder rule." <u>Anium V. J.C. Penney Co.</u>, No. 13 CV 460, 2014 WL 5090018, at *13 (E.D.N.Y. Oct. 9, 2014) (citing <u>Myers v. Hertz Corp.</u>, 624 F.3d 537, 555 (2d Cir. 2010)). The Report states that courts have held that conditional certification is not the sole means by which individuals may opt in to a case pursuant to the "straightforward rule of opt-in joinder set forth in the [FLSA]." <u>Id</u> (citation omitted).  Magistrate Pollak goes on to that the FLSA permits an employee to maintain an action against an employer "on behalf of himself... and other employees similarly situated" and provides that an employee may "give[] his consent in writing to become ... a party." 29 U.S.C. §

216(b).

The problem with the above rationale is that Huerta did not merely appear out of thin air and want to join the case, but only found out about the case admittedly through Plaintiff's wrongful conduct in improperly sending him an opt-in notice via mail.  Indeed, presumably Huerta was living out of state and had no intention of joining this action until he came back into the New York area and saw the letter containing the opt-in notice from Plaintiff's counsel.  He did not independently discovery the pendency of this action, but was rather the direct product of the wrongful solicitation.  These facts should be fatal to his application to join this case.

Second, Judge Pollak addressed the standard for whether an individual who files an untimely opt-in notice should be permitted to nonetheless join an action.  In determining whether to strike opt-ins from an FLSA collective action because the consent forms were untimely filed, courts consider the following factors: "(1) whether good cause exists for the late submissions; (2) prejudice to the defendant; (3) how long after the deadline passed the consent forms were filed; (4) judicial economy; and (5) the remedial purposes of the FLSA." Velasquez v. Digital Page, Inc., No. 11 CV3892, 2014 WL 6751574, at *1 (E.D.N.Y. Dec. 1,2014) (citing Ruggles Wellpoint, Inc., 687 F. Supp. 2d 30, 37 (N.D.N.Y. 2009)); *see also* Moranselli v. Chemed Corp., 275 F.R.D. 99, 121 (E.D.N.Y. 2011).  These relevant factors further support the denial of Plaintiff's application.

As to the first factor, there is no "good cause" for Huerta's late submission.  Apparently, he was living out of state and was completely unaware of the pendency of this action until he recently came back into the New York area.  This fact only confirms that he would not have even sought to join the action had it not been for the letter that he received containing the opt-in notice in contravention of the Court's Order.

As to the second factor, there is serious prejudice to the Defendants.  If this Court adopts

the Report then Defendants will have to engage in discovery, defend against and incur legal expenses relating to this new Plaintiff, Huerta, who should not even be in this action. Each opt-in results in additional time and expense to Singh, a small business owner, who steadfastly denies all the substantive claims brought by the Plaintiffs, whose allegations are belied by Defendants' own payroll, schedules and other time/pay records.

As to the third factor, the opt-in deadline passed on April 5, 2017 (more than four months ago) and the parties would have otherwise been complete with discovery. With the addition of this new Plaintiff, the action is being needlessly prolonged at Defendants' expense.

As to the fourth factor, the Court suggested that judicial economy would be served by adding Huerta to this lawsuit rather than having to file a separate lawsuit. However, the Court's rationale ignores the fact that Nor-Parsons, the company owned by Singh for which Huerta worked, is not even a defendant in this action. As such, it would be much more appropriate for any claims related to a third-party to this action, where different witnesses and documentary evidence would be involved, to be separately litigated. Otherwise, such an action would be subject to severance under Fed. R. Civ. P. 21. *See e.g.*, Crown Cork & Seal Co., Inc. Master Retirement Trust v. Credit Suisse First Boston Corp., 288 F.R.D. 331, 333 (S.D.N.Y. 2013) (quoting Erausquin v. Notz, Stucki Mgmt. (Bermuda) Ltd., 806 F. Supp. 2d 712, 720 (S.D.N.Y. 2011)). (In deciding whether to sever a claim under Rule 21, courts generally consider, in addition to the preconditions set forth in Rule 20(a), "[1] whether settlement of the claims or judicial economy would be facilitated; [2] whether prejudice would be avoided if severance were granted; and [3] whether different witnesses, and documentary proof are required for the separate claims.").

Finally, the remedial purposes of the FLSA are not furthered by allowing Herta to join this lawsuit. Indeed, he can file his own action, as described above, if he really believes that he

was harmed.   In addition, other than Plaintiff's self-serving statements, there is no concrete evidence that Singh or his companies are "unscrupulous employers" as that FLSA was designed to fight against.

## **CONCLUSION**

For the foregoing reasons, Defendants respectfully request that Your Honor set aside and modify that portion of the Magistrate's Report and Recommendation that stated that Huerta should be permitted to join this action.

Date:   August 11, 2017
        Glen Cove, New York

                              Respectfully submitted,


                              _____
                              Adam C. Weiss (AW-5752)
                              THE LAW FIRM OF ADAM C. WEISS, PLLC
                              3 School Street, Suite 303
                              Glen Cove, New York 11542
                              (516) 277-2323 (tel)
                              (516) 759-2556 (fax)
                              Email: adam@acweisslaw.com

                              *Attorneys for Defendants*