UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------x
LUIS BAYAS, on behalf of himself and
all others similarly situated,

               Plaintiff,

   -against-                         **MEMORANDUM AND ORDER**
                                         Case No. 16-CV-356 (FB) (CLP)
NOR-MARATHON SERVICE
CENTER, and RATTAN SINGH,

               Defendants.
------------------------------------------------x

**BLOCK, Senior District Judge:**

      In this collective action under the Fair Labor Standards Act ("FLSA"), Magistrate Judge Pollak has recommended that the Court grant permission to Juan Gomez to withdraw as a plaintiff. Since no party has objected, that recommendation is adopted without de novo review. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings.").

      Magistrate Judge Pollak has further recommend that the Court accept the consent to join the collective action filed by Roberto M. Espiritu Huerta some 80 days after the deadline for doing so. Since defendants have objected to this recommendation, the Court reviews it de novo. *See* 28 U.S.C. § 636(b)(1)(c) ("A

judge . . . shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.").

Defendants' first objection is that Huerta should not have received notice of the collective action. Magistrate Judge Pollak authorized plaintiffs' counsel to send notice of the collective action *only* to employees of Nor-Marathon and Nor-Great Neck, two of several service stations owned by defendant Rattan Singh. She later determined that plaintiffs' counsel had disobeyed her directive and contacted employers of other service stations owned by Singh. As a sanction, she ordered him to pay "defendants' attorneys' fees incurred in investigating plaintiffs counsel's conduct . . . , in raising the issue with the Court, and in pursuing their motion for sanctions." Order of Apr. 19, 2017, at 19.

Huerta apparently received notice of the collective action as a result of plaintiffs' counsel's misconduct. Moreover, according to defendants' records, Huerta worked at Nor-Parsons Service Service Center, not Nor-Marathon or Nor-Great Neck. Nevertheless, Magistrate Judge Pollak held that "the fact that Mr. Huerta was not entitled to receive the Notice and Consent forms is not fatal to his application to join this case." R&R at 8.

The Court agrees. Huerta has represented that he worked off the books at Nor-Marathon during the relevant time period. Although he will ultimately have to prove

that representation to the factfinder, it is sufficient for present purposes to bring him within the scope of the collective action. And if he learned of the action through plaintiffs' counsel's misconduct, that is a reason to sanction the perpetrator of the misconduct—as Magistrate Judge Pollak has done—not to punish an innocent party with potentially valid claims against defendants.

Defendants' second objection is that Huerta's consent to join the collective action was untimely. Courts in this circuit decide whether to accept an untimely consent "by balancing various combinations of the following factors: (1) whether 'good cause' exists for the late submissions; (2) prejudice to the defendant; (3) how long after the deadline passed the consent forms were filed; (4) judicial economy; and (5) the remedial purposes of the FLSA." *Ruggles v. Wellpoint, Inc.*, 687 F. Supp. 2d 30, 37 (N.D.N.Y. 2009).

The Court agrees with Magistrate Judge Pollak's balancing of the relevant factors. Although his consent was submitted 80 days late, Huerta's explanation for the delay—that he did not immediately learn of the collective action because he had been working out of state—constitutes good cause. There is no prejudice to the defendants because discovery is ongoing, so they will have ample time to investigate Huerta's claims. Judicial economy favors allowing Huerta to join the collective action because, as defendants concede, he could simply file a separate action. Finally, the

remedial purposes of the FLSA are obviously better served by allowing Huerta's claims to be decided on their merits.

Having reviewed the matter de novo, the Court adopts Magistrate Judge Pollak's recommendation and accepts Huerta's consent to join the collective action.

**SO ORDERED.**

/S/ Frederic Block_____
FREDERIC BLOCK
Senior United States District Judge

February 12, 2018
Brooklyn, New York